IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50036
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELVIRA AVALOS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-1553-2-H
--------------------
October 23, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Elvira Avalos ("Elvira") appeals her conviction for one
count of conspiracy to possess and one count of possession with
the intent to distribute an unspecified quantity of marijuana, in
violation of 21 U.S.C. §§ 846 & 841(a)(1).  She contends that the
district court's questioning of her and Loraine Avalos, the only
other favorable witness to her during trial, demonstrated a lack
of impartiality and denied her a fair trial.  Because Avalos
raises this issue for the first time on direct appeal, our review

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is limited to plain error only.  See United States v. Saenz, 134 F.3d 697, 701 (5th Cir. 1998).

A federal judge need not act merely as a moderator of the proceedings.  United States v. Moore, 598 F.2d 439, 442 (5th Cir. 1979).  The district judge may comment on the evidence, clarify facts presented, maintain the pace of the parties, and interrupt the parties.  Id.  The trial transcript shows that the district court interrupted Loraine Avalos' direct testimony seven times and at no time during cross, redirect, or recross examinations.  These interruptions amounted to 42 lines out of 782 lines (or nine percent) of her testimony, and, therefore, were not quantitatively substantial.  See Saenz, 134 F.3d at 704 n.3.  Although the district court admonished Loraine Avalos to be forthcoming in her responses to the government's questions, it is not error for a judge to comment on the evidence.  See Moore, 598 F.2d at 442.  The defendant has not demonstrated clear or obvious error in the district court's questioning of Loraine Avalos.

Likewise, the district court did not commit plain error by interrupting Elvira Avalos' testimony.  The trial transcript reveals that the district judge interrupted Elvira's direct and cross examinations eight times.  These exchanges amounted to 49 lines out of 366 lines (or 13.4 percent) of her entire testimony.  Although the interruptions were more frequent than with Loraine's testimony, they also were not quantitatively substantial.  See Saenz, 134 F.3d at 704 n.3.  Although the defendant argues that one particular exchange resulted in her being badgered into making a statement that could be interpreted as incriminating by

the jury, this does not prove partiality by the district court because the judge may elicit new facts, even harmful facts, through its questioning. See United States v. Cantu, 167 F.3d 198, 202 (5th Cir.), cert. denied, 120 S. Ct. 58 (1999); Saenz, 134 F.3d at 708.

Outside of these two specific instances, Elvira has not pointed to any other questioning by the district court that would show partiality. The trial transcript reveals that the remaining interruptions by district court occurred in order to clarify the witnesses' answers or to get the witnesses to focus on the questions posed. This is well within the district court's authority. See id. The defendant has not shown error, much less plain error with respect to this contention. Accordingly, the district court's judgment is AFFIRMED.